UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASHAL MULAZADA,<br>Petitioner,<br>v.<br>RON MURRAY, et. at.,<br>Respondents. | No. 1:26-cv-00921-DC-ICD-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, an immigration detainee proceeding with counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE) and moved for his immediate release. ECF Nos. 1, 5. In their response to the habeas petition, Respondents' sole argument is that "Petitioner is an 'applicant for admission,' subject to mandatory detention by the Department of Homeland Security ('DHS'), under 8 U.S.C. § 1225(b)(2)." ECF No. 14.

On February 5, 2026, the District Judge issued a preliminary injunction ordering that:

> (1) Petitioner shall be released immediately from Respondents' custody;
> (2) Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation custody hearing; and
> (3) If the Government seeks to re-detain Petitioner, it must provide no less than seven days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered.

ECF No. 9.

The matter was then referred to a magistrate judge for further proceedings. The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 9, and under Ninth Circuit authority, that Petitioner is subject to discretionary detention pursuant to 8 U.S.C. §

1226(a). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026) (holding that "aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). The undersigned finds that Petitioner's detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned recommends that the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1), be GRANTED; and
2. The terms of the preliminary injunction (ECF No. 9) be made permanent.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **7 days** after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE